UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNOX EMANUEL,

    Plaintiff,

v.

                                    Case No. 13-13175

COUNTY OF WAYNE, et al.,

    Defendants.
                                        /

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

On September 28, 2013, Plaintiff was pulled over by Wayne County Sheriff's Deputies based on an alleged violation of the Michigan nuisance abatement laws forbidding prostitution. Plaintiff was issued a misdemeanor ticket for the charges of Receiving and Admitting. The prosecution against Plaintiff was initially dismissed without prejudice in March 2013 based upon the arresting officer's failure to appear. On October 2, 2013, criminal charges were reinstated against Plaintiff and are currently pending in state court.

Plaintiff's current action alleges, *inter alia*, violations of his fourth and fourteenth amendment rights. Defendants move to stay the current 42 U.S.C. § 1983 action pending resolution of Plaintiff's criminal proceedings in state court.

"Except in extraordinary circumstances federal courts should 'permit state courts to try state cases free from interference by federal courts.'" *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) (citing *Younger v. Harris*,

401 U.S. 37, 43 (1971)). *Younger* requires federal courts to defer to the appropriate state court when "the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) afford the plaintiff an adequate opportunity to raise constitutional claims." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). "A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Id.* at 866. "In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding." *Id.*

In the instant case, Plaintiff challenges his criminal arrest on the grounds that it constituted an unreasonable search and seizure in violation of his constitutional rights. Plaintiff's trial in state court is scheduled for April 7, 2014. It is beyond dispute that criminal proceedings are an important state interest, and there is no indication that Plaintiff will be unable to challenge the constitutionality of his arrest as part of his criminal proceedings. "If a plaintiff files a. . . claim related to ruling that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). Accordingly,

IT IS ORDERED Defendants' "Motion to Stay Proceedings Until Resolution of Pending Criminal Proceedings" [Dkt. # 11] is GRANTED.

IT IS FURTHER ORDERED that proceedings in this case are STAYED and this case is ADMINISTRATIVELY CLOSED pending resolution of the state-court criminal proceedings against Plaintiff.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 19, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 19, 2014, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522