**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LENNOX EMANUEL,

    Plaintiff,

v.                                                        Case No. 13-13175

COUNTY OF WAYNE, *et al.*,

    Defendants.

                                                 /

**ORDER DIRECTING DEPOSITION**

        Pending before the court is a Motion for Summary Judgment filed by Defendants County of Wayne and Wayne County Sheriff Officers Assad Turfe, Jason Mathews, and Sheri Tanner on March 9, 2015. (Dkt. # 29.) The court held a hearing on Monday, May 15, 2015. For the reasons that follow, the court will direct the deposition of witness LeiAnn Gross at Plaintiff's expense.

        In this action brought under 28 U.S.C. § 1983, Plaintiff sues Defendants based on his arrest and prosecution for a violation of Detroit Municipal Ordinance § 38-9-4, Aiding, Assisting, or Abetting Solicitation. A central witness in this case is LeiAnn Gross, the alleged prostitute. According to Defendants, Gross confessed that Plaintiff had picked her up and driven her to the De Lido Motel for the purpose of having sex for money. It is undisputed that such a confession would have constituted ample probable cause for the charged crime, thus defeating all of Plaintiff's claims in this action.

        Plaintiff purports that Gross signed an affidavit on January 28, 2015, in which she denied confessing to any of the Defendants (the "Gross Affidavit"). (Dkt. # 32-2.) Discovery closed on February 2, 2015. However, Plaintiff never produced the affidavit until March 30, 2015, when he included it with his opposition to Defendants' Motion for Summary Judgment.

Defendants argue that Federal Rule of Civil Procedure 37(c) mandates that the Gross affidavit be stricken because it was not disclosed by Plaintiff during discovery. Rule 37(c) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c). By its terms, this rule only applies to initial disclosures under Rule 26(a) and supplemental disclosures under Rule 26(e). Plaintiff complied, including Gross in both a Preliminary Witness List (Dkt. # 23) and the Final Witness List (Dkt. # 28).[1] As such, the court is not required by Rule 37 to exclude the affidavit.

However, the Gross Affidavit, as a witness statement, was the subject of a discovery request, and was never produced during discovery. (Dkt. # 38-1, Pg. ID 534.) The court has authority to impose sanctions "without contempt of a prior court order [because] an injured party may be unaware that key discovery information has been withheld." *Jackson by Jackson v. Nissan Motor Corp.*, 888 F.2d 1391, 1989 WL 128639, at *3 (6th Cir. 1989) (unpublished). "The purpose of imposing sanctions is to 'assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery.'" *Id.* (quoting *Bell v. Automobile Club of Michigan*, 80 F.R.D. 228, 229 (E.D.Mich.1978)).

During the hearing on the instant motion, the court questioned Plaintiff on why he did not disclose the affidavit until he filed his response to the Motion for Summary Judgment. Plaintiff conceded that he had the continuing obligation to produce the affidavit in response to the discovery request but did not do so for nearly two months.

---

[1] Plaintiff had filed a Preliminary Witness List on October 10, 2013, which did not include Gross. (Dkt. # 7.)

2

When asked the reason for his failure to disclose, Plaintiff argued that Defendants were "not prejudiced" by the belated disclosure.

Defendants' counsel took issue with that suggestion, and the court disagrees as well. Plaintiff's conduct presents a clear case of sandbagging to Defendants' detriment. Defendants could have deposed Gross, questioned whether the signature on the paper was hers and, if it was, whether she might now disavow the statements attributed to her in the affidavit (which as Plaintiff explained on the record, he prepared). At a minimum, the arguments in their summary judgment brief would have been structured differently to take account of the new information.

Plaintiff represented on the record that he will produce Gross as a witness at trial. He further stated on that he had no difficulty locating and contacting her to present her with the affidavit he had prepared at her address (listed by both parties in their Witness Lists as 22079 Exeter Street, Detroit). He acknowledged on the record that he knew her, that he recognized her on the street, that he spoke to her and admitted her into his car, and that he drove with her through Detroit to the parking lot where the other events, as he described, occurred. He listed her name as among his witnesses in his Final Witness List (Dkt. # 28). For purposes of this Order, the court deems witness Gross to be within Plaintiff's control.

The court concludes that a sanction is warranted. Plaintiff shall produce Gross for a deposition at his expense within twenty-eight (28) days on a schedule to be set by Defendants' counsel. Upon presentation of an invoice, Plaintiff shall within seven days reimburse the reasonable fees and expenses of Defendants' counsel in preparing for and conducting such deposition.

Failure to comply may persuade the court to strike the Gross Affidavit before further considering Defendants' summary judgment motion and Plaintiff's response.[2]

After the deposition, Defendants may, if they choose, supplement their motion papers with a brief of no longer than ten (10) pages together with accompanying exhibits.  Accordingly,

IT IS ORDERED that Plaintiff shall PRODUCE LeiAnn Gross for a deposition, at his expense, within twenty-eight days of the date of this order, at a time and place to be designated by Defendants.

IT IS FURTHER ORDERED that Plaintiff reimburse the reasonable fees and expenses of Defendants' counsel in preparing for and conducting such deposition within seven days after presentation of an invoice, which invoice should be prepared and presented by Defendants as soon as possible after the deposition is concluded.

IT IS FURTHER ORDERED that Defendants' supplemental brief of no longer then ten (10) pages, if any, shall be filed by **Friday, July 3, 2015.**  Plaintiff's response is due on **Friday, July 17, 2015**.  Defendants' reply brief of no longer than five (5) pages, is due on **Friday, July 24, 2015**.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2015

---

[2]Summary judgment may be due even with the admission of the Gross Affidavit. But in the interests of justice, the court will first allow the parties to depose Gross and will reserve ruling on the summary judgment motion until after discovery is complete.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 18, 2015, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522