UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNOX EMANUEL,

    Plaintiff,

v.                                                      Case No. 13-13175

COUNTY OF WAYNE, et al..

    Defendants.
                                                      /

**OPINION AND ORDER [1] GRANTING PLAINTIFF'S "EX PARTE MOTION FOR EXTENSION OF TIME" AND [2] GRANTING IN PART DEFENDANTS' "MOTION TO ORDER BOND ON COSTS ON APPEAL PURSUANT TO FED. R. APP. P. 7"**

Pending before the court is Defendants' Motion to Order Bond on Costs on Appeal in the amount of $25,000. (Dkt. # 57.) Plaintiff filed an untimely Response with an accompanying Ex Parte Motion for Extension of Time. (Dkt. ## 58, 59.) The court has reviewed the filings and does not believe that oral argument would aid in the resolution of this matter. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant Plaintiff's Motion for Extension of Time, grant Defendants' Motion in part, and order a bond in the amount of $1,000.

**I. BACKGROUND**

Plaintiff filed this lawsuit on July 24, 2013, alleging various constitutional violations under § 1983 and a state law negligence claim. During the pendency of the action, Plaintiff filed for bankruptcy and the bankruptcy trustee assumed control of the litigation. The court granted summary judgment in favor of Defendants on all claims, finding that the police had probable cause to arrest Plaintiff, that Defendants did not

participate in the allegedly malicious prosecution of Plaintiff, and that even if Plaintiff's constitutional rights had been violated, the officers would be entitled to qualified immunity. *Emanuel v. County of Wayne*, No. 13-13175, 2015 WL 4771147 (E.D. Mich Aug. 13, 2015). Soon thereafter, the bankruptcy trustee abandoned the lawsuit as "burdensome and of inconsequential value." (Dkt. # 57-3.) Plaintiff then filed a notice of appeal. (Dkt. # 55.) Thereafter, Defendant filed the instant Motion for Bond for Costs on Appeal. (Dkt. # 57.)

## II. STANDARD

### A. Federal Rule of Civil Procedure 6

Federal Rule of Civil Procedure 6(b)(1)(B) allows a court, for good cause, to extend the time for filing a response when the offending party so moves the court, and the party failed to respond because of excusable neglect.

### B. Federal Rule of Appellate Procedure 7

Federal Rule of Appellate Procedure 7 provides, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."

## III. DISCUSSION

As a preliminary matter, Plaintiff's Response to Defendant's Motion was untimely but filed with an accompanying Ex Parte Motion for Extension of Time. Plaintiff avers that the delay was caused by a "catastrophic computer failure." (Dkt. # 59, Pg. ID 690.) Taking this representation at face value, the court exercises its discretion under Rule 6 to accept Plaintiff's Response.

Turning to the substantive matter, Defendants ask this court to require a bond in an amount that would (1) cover a reasonable attorney's fee with regard to the appeal and (2) cover the administrative and logistical costs of filing a response to the appeal. (Defs.' Mot. 8.)

Courts consider a number of factors when deciding whether to grant an appeal bond: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Harris v. Members of Bd. of Governors of Wayne State Univ.*, No. 10-11384, 2011 WL 4632864, at *2 (E.D. Mich. 2011). However, the court must first consider whether attorney's fees are properly considered costs under Rule 7.

While Rule 7 clearly allows a court to order a bond covering traditional costs, in some cases a court may also order that prospective attorney's fees be included as costs for an appeal bond. *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817-18 (6th Cir. 2004). Whether attorney's fees are properly considered Rule 7 costs in a given case depends on the "the relevant substantive statute or other authority." *Id.* (quoting *Marek v. Chesny*, 473 U.S. 1, 9 (1985)). Defendants point to both 42 U.S.C. § 1988(b) and Federal Rule of Appellate Procedure 38 as grounds for rolling attorney's fees into the appeal bond. Section 1988(b) provides that in actions under § 1983 "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Rule 38 allows similar fee shifting. *See Dubay v. Wells*, 506 F.3d 422, 432 (6th Cir. 2007). However, both of these provisions would require Defendants to show that Plaintiff's pursuit of an appeal would be frivolous. *See*

3

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (holding that courts should not normally award attorney's fees to successful federal civil rights defendants unless "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith"); *Dubay*, 506 F.3d at 432 ("We have explained that the awarding of sanctions under Rule 38 is predicated upon a finding that (1) the appeal if frivolous, and (2) sanctions are appropriate.").

The court is not convinced that Plaintiff's arguments on appeal are so likely to be frivolous that ordering a bond including attorney's fees is necessary. With only a brief two-paragraph synopsis of what Plaintiff plans to argue on appeal, the court has little on which to base a finding of frivolousness. (*See* Pl.'s Resp. 5-6.) Additionally, Defendants have not offered any support—short of identifying the standard—that Plaintiff's appeal would be frivolous. They argue that the Bankruptcy Estate believed the matter was "burdensome and of inconsequential value" and that "Plaintiff/Appellant is an attorney proceeding pro se, thus he has incurred no attorney fees in pursing this matter. Contrarily, Defendants have incurred substantial costs and attorney's fees in defending this matter." (Defs.' Mot. 7.) Defendants' argument appears to be based in some perceived unfairness arising from Plaintiff's ability to pursue this action cheaply because he is an attorney.

The frivolousness of a litigation decision is not determined by the cost to the parties, it is based on the merits of the arguments made. "Although the term 'frivolous' is not subject to a ready made definition, generally '[a]n appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit.'" *Dubay*, 506 F.3d at 432-33 (quoting *Pieper v. Am. Arbitration Assoc.*, 336 F.3d 458, 465 (6th Cir. 2003)).

4

That Plaintiff's cost-benefit analysis in determining the value of his suit is different than a non-attorney's analysis is inapposite. Additionally, Defendants' argument ignores the opportunity cost that Plaintiff incurs in pursuing his own case, as opposed to a paying client's case. In short, the frivolousness standard is the same whether the Plaintiff is an attorney representing himself or a lay person who has hired counsel.

Defendants also point to Plaintiff's previous, arguably vexatious conduct before this court. (Defs.' Mot. 7.) It is true that courts consider "whether the appellant has shown any bad faith or vexatious conduct" when deciding to grant a Rule 7 appeal bond. *Harris*, 2011 WL 4632864, at *2. This, however, does not address the key antecedent question of whether attorney's fees are properly considered costs under Rule 7. While prior vexatiousness or frivolousness might foreshadow more of the same conduct on appeal, a showing of such prior conduct does not, without more, prove that an appeal will be frivolous. A court must first decide whether attorney's fees can, at all, be rolled into an appeal bond, and then decide whether an appeal bond is appropriate.

Exercising its discretion under Rule 7, the court elects not to include attorney's fees in the appeal bond. While the court does not believe Plaintiff will win on appeal, the court is not so convinced that Plaintiff cannot make viable arguments before the Sixth Circuit as to justify a preemptive determination that Plaintiff's arguments are bound to be frivolous. Additionally, courts consider "the appellant's financial ability to post a bond." *Id.* Because Plaintiff has recently filed for bankruptcy, it is clear that a bond including attorney's fees will be a large, perhaps impassable, hurdle in pursuing his right to appeal. Thus, this factor also militates against granting an appeal bond that includes attorney's fees.

This leaves the issue of whether to grant an appeal bond in an amount commensurate with traditional appeal costs, that is, those authorized by 28 U.S.C. § 1920 and Appellate Rule 39. *In Re Cardizem*, 391 F.3d at 817. Defendant argues that they will incur "transcript costs and fees" along with "costs of copying, appendices, and other materials associated with the preparation and filing of the appellate brief." (Defs.' Mot. 8.) Rule 7 leaves both the question of the need for the bond and the amount of the bond in the district court's discretion. *Chiaverini Inc. v. Frenchies Fine Jewelry Coins and Stamps, Inc.*, No. 04-74891, 2008 WL 2415340, at *1 (E.D. Mich. June 12, 2008) (Komives, M.J.) (citing *Pan Am. Grain Mfg., Co. v. Puerto Rico Ports. Auth.*, 193 F.R.D. 26, 43 (D.P.R. 2000); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1208 (11th Cir.2005)).

Considering the four relevant factors articulated above, the court finds that an appeal bond in the amount of $1,000 is appropriate in this case. Plaintiff's status as a bankrupt cuts both ways in the analysis. First, because Plaintiff is insolvent, the court takes note that a high bond, like the $25,000 bond requested by Defendants could completely forestall Plaintiff's appeal. On the other hand, Defendants' right to recoup certain costs should also be protected, especially given the likelihood a bankrupt appellee may be recalcitrant in paying court ordered costs. *See Chiaverini*, 2008 WL 2415340, at *2. Further, the court is skeptical of the merits of Plaintiff's appeal and, while the court does not have grounds to believe that Plaintiff's conduct during discovery and the summary judgment phase was taken in bad faith, his actions at least caused undue delays for both the court and opposing counsel. In light of these

considerations, the court believes that a bond in the amount of $1,000 is sufficient to protect Defendants' right to recover costs if the appeal fails.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Ex Parte Motion for Extension of Time to File Answer (Dkt. # 59) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Bond for Costs on Appeal (Dkt. # 57) is GRANTED in the amount of $1,000.


    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: November 5, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 5, 2015, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522