UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENNOX EMANUEL,

    Plaintiff,

v.                                  Case No. 13-13175

COUNTY OF WAYNE, et al.

    Defendants.
                                            /

**ORDER DENYING PLAINTIFF'S "MOTION FOR STAY OF ORDER REGARDING BOND ON COSTS TO APPEAL . . . OR IN THE ALTERNATIVE A REDUCTION IN THE REQUIRED BOND"**

On November 11, 2015 this court granted Defendants' motion for bond for costs on appeal and ordered Plaintiff Emanuel to post a bond in the amount of $1,000. (Dkt. # 62.) Plaintiff Emanuel now largely rehashes the arguments he presented to the court in his initial opposition to Defendants' motion and asks the court to stay its order to post bond, or, in the alternative, to reduce the bond to $100. (Dkt. # 63.) The court is not persuaded by Plaintiff's presentation and will deny the motion.

Most of the arguments advanced in Plaintiff's motion to stay have already been addressed, and the court refers Plaintiff to its earlier order for disposition thereof. (Dkt. # 62.)

The court considers a number of factors when deciding whether to grant an appeal bond: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct."

*Harris v. Members of Bd. of Governors of Wayne State Univ.*, No. 10-11384, 2011 WL 4632864, at *2 (E.D. Mich. Oct. 5, 2011). To summarize the previous order, the court considered Plaintiff's status as a bankrupt in concluding that the large $25,000 bond requested by Defendants would be inappropriate and might foreclose Plaintiff's ability to pursue an appeal. However, Plaintiff's bankruptcy also cut the other way when considering the second factor because it indicated some risk that Plaintiff would not pay costs if the appeal fails. Additionally, while the court was not willing to say that Plaintiff's appeal was totally frivolous, considering Plaintiff's weak presentation as to the merits in his response to Defendant's motion for bond, the court concluded that this factor counseled in favor of granting the request for a bond on appeal. Finally, Plaintiff's tactics during the discovery and summary judgment phases of litigation indicated that a bond would be appropriate.

Plaintiff now for the first time presents data from the Federal Judicial Center concerning average cost awards on appeal. (Dkt. # 64, Pg. ID 729.) The court notes that these data are drawn from only seven cases and contain only one case where the appellee received costs after a judgment was affirmed—as the court believes will occur in this case. A sample size of one gives the court little to consider. Even assuming Plaintiff is correct that $450 is an accurate estimate of the median cost award in appeals since the advent of electronic filing, that does not show that a bond in the amount of $1,000 would be outside of this court's discretion. The purpose of the bond is to protect Defendants and "ensure payment on costs on appeal," Fed. R. App. P. 7, and there is always some uncertainty in predicting costs. Given this court's finding that Plaintiff's conduct during litigation had, at the very least, caused undue delay and vexed both the

court and Defendants' counsel, the court is persuaded that a bond of $1,000 is well within reason to protect Defendants' right to recover costs if the appeal fails.

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Stay (Dkt. # 63) is DENIED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: February 10, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 10, 2016, by electronic and/or ordinary mail.

                                         s/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522